# IN THE UNITED STATES BANRKUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: <br><br> JOYCE M. BOGGS, <br>      Debtor. <br><br> JUDY A. ROBBINS, <br> UNITED STATES UNITED STATES <br> TRUSTEE FOR REGION FOUR, <br><br>    Movant, <br><br> v. <br><br> LEGAL ALLIANCE PLLC, <br> Serve: <br> Douglas E. Wade, Registered Agent <br> 380 Maple Avenue West, Suite 102 <br> Vienna, VA 22180 <br><br> Serve: <br> President, Legal Alliance, PLLC <br> 8000 Towers Crescent Drive, Suite 1350 <br> Vienna, VA 22182 <br><br> Serve: <br> President, Legal Alliance, PLLC <br> 380 Maple Avenue West, Suite 102 <br> Vienna, VA 22182 <br><br> Respondent. | Case No. 15-61193 <br><br><br><br><br><br> Motion No. \_\_\_\_\_ |

### Notice of Motion and Hearing

The United States Trustee has filed a Motion to Review Fees.

PLEASE TAKE NOTICE that a hearing on the forgoing Motion will be held on March 3, 2016, at 10:00 a.m. in Lynchburg, US Courthouse, Room 210, 1101 Court St., Lynchburg, VA 24504.

**If you do not want the Court to grant the relief requested in the motion, then, pursuant to Local Rule 9013-1, you must file a response on or before February 25, 2016. Absent a timely filed response, a proposed order will be tendered to the Court granting the**

**relief requested in the motion and the Court may treat the motion as conceded and enter the proposed order without the necessity of holding a hearing.**

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

Dated: 21 January 2016                                    Respectfully submitted,

Margaret K. Garber (VSB No. 34412)                        JUDY A. ROBBINS,
Office of the United States Trustee                       United States Trustee for Region Four
210 First Street, Suite 505
Roanoke, VA 24011                                         By: */s/ Margaret K. Garber*
(540) 857-2806
margaret.k.garber@usdoj.gov

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: <br><br> JOYCE M. BOGGS, <br><br>       Debtor. | Case No. 15-61193 |
| JUDY A. ROBBINS, <br> UNITED STATES UNITED STATES <br> TRUSTEE FOR REGION FOUR, <br><br>       Movant, <br><br> v. <br><br> LEGAL ALLIANCE PLLC, <br> Serve: <br> Douglas E. Wade, Registered Agent <br> 380 Maple Avenue West, Suite 102 <br> Vienna, VA 22180 <br><br> Serve: <br> President, Legal Alliance, PLLC <br> 8000 Towers Crescent Drive, Suite 1350 <br> Vienna, VA 22182 <br><br> Serve: <br> President, Legal Alliance, PLLC <br> 380 Maple Avenue, Suite 102 <br> Vienna, VA 22182 <br><br> Respondent. | Motion No. \_\_\_\_\_ |

**UNITED STATES TRUSTEE'S MOTION TO EXAMINE FEES AND FOR
DISGORGEMENT OF FEES AND FOR RELIEF AGAINST DEBT RELIEF AGENCIES**

  **COMES NOW** Judy A. Robbins, United States Trustee for Region 4, by and through

undersigned counsel, and respectfully moves this Court pursuant to 11 U.S.C. §329 and Fed. R.

Bankr. P. 2017 to examine the fees of Legal Alliance, PLLC and for disgorgement of unreasonable and excessive fees, and in support thereof, respectfully states, as follows:

1. The debtor, Joyce M. Boggs ("Boggs), filed this voluntary petition pursuant to Chapter 13 of Title 11 on June 25, 2015. Herbert L. Beskin was appointed to serve as the Chapter 13 Trustee. On the debtor's motion, the case was converted to a Chapter 7 case on October 29, 2015. William Schneider was appointed to serve and continues to serve as the Chapter 7 Trustee.

2. Prior to this bankruptcy filing, the debtor filed a voluntary petition pursuant to Chapter 13 of Title 11 on August 15, 2014. The case was assigned Number 14-61555. On September 2, 2014, this case was dismissed as a result of the debtor's failure to comply with a court order requiring her to file the required schedules and statements.

3. Prior to filing all the petitions, Boggs responded to an advertisement by Legal Alliance, PLLC ("Legal Alliance" or "the Firm") for mortgage assistance and loss mitigation services.

4. Pursuant to her and her non-filing spouse's initial agreement with Legal Alliance dated March 20, 2014, Mr. and Mrs. Boggs paid $2,500 to that entity for their services.

Subsequently, pursuant to the second written agreement with Legal Alliance dated July 21, 2014, Mr. and Mrs. Boggs paid another $2,500 to Legal Alliance.

Subsequently, pursuant to the third written agreement with Legal Alliance dated January 20, 2015, Mr. and Mrs. Boggs paid another $2,500 to Legal Alliance.

Finally, pursuant to the fourth written agreement with Legal Alliance dated May 26, 2015, Mr. and Mrs. Boggs paid another $1,250 to Legal Alliance.

Despite the payment of funds, the United States Trustee submits that Legal Alliance did not provide legal representation that aided or provided a material benefit to the Debtor or her non-filing spouse.

5. The debtor's "Client Service Agreement" with Legal Alliance reflects that the services to be provided by "the Firm" are to assist the Debtor the "Preparation of Qualified Written Request and a Debt Dispute."

6. The debtor has represented that as part of the "debt dispute" process she was instructed to file a skeletal chapter 13 petition. In particular, she was instructed to file bankruptcy to prevent her property from being sold at a foreclosure sale.

7. The debtor states that Legal Alliance representatives instructed her and provided bankruptcy advice, including:

- Whether she could keep her house in bankruptcy;
- Whether the bankruptcy would stop the sale;
- Providing information on the court and court address to file a bankruptcy petition; and
- Advising which bankruptcy chapter to file under.

8. On January 20, 2015, in connection with another bankruptcy case, Legal Alliance entered into an agreed order which provided that it would "…refrain from suggesting or otherwise counseling it's clients to file bankruptcy as a part of or in connection with their services. Nothing in this order shall prohibit the company from recommend to their clients that they seek the advice of a bankruptcy attorney."

9. On June 24, 2015, Phil Burgess, identified as "Non-Attorney Staff Member," sent the following e-mail to Mr. and Mrs. Boggs:

> Tim and Joyce
>
> Here is the information discussed with Bob
>
> Mr. Delafield will be available after 10 tomorrow.  Please let me know what time your (sic) plan on arriving
> Rebecca is the secretary I spoke with her today and confirmed that they would be available tomorrow, which they are.
>
> Only one of you need to file and which ever that is needs to take the counseling course listed on the attached information
>
> Please call them and arrange to take the course over the phone, it will be the 1st course.  It can be taken this afternoon.
>
> Please call us if any questions

10. The United States Trustee submits that little or no benefit was received from Legal Alliance, despite the payment of significant funds.

***Legal Analysis***: *Disgorgement of fees under 11 U.S.C. §329.*

11. 11 U.S.C. §329 and Fed. R. Bankr. P. 2017 authorizes a bankruptcy court, after notice and a hearing, to determine whether any pre-petition or post-petition payment of money or transfer of property by the debtor to any attorney for services rendered is excessive and, if so, order the return of such compensation to the extent deemed excessive. *In re Prudhomme*, 43 F.3d 1000, 1002-1003 (5th Cir. 2005).

12. The test under § 329 and Rule 2017 is whether the fee in question was paid "in contemplation of or in connection with" the bankruptcy case.  If payment to the attorney satisfies either test, the court may determine whether such payment was excessive and order disgorgement. *In re Mayeux*, 269 B.R. 614 (Bankr. E.D. Tex. 2001). *See also Prudhomme*, 43 F.3d at 1004-05 (affirming bankruptcy court's disgorgement order where the court heard evidence ""the debtors were in desperate financial straits when they first consulted [the attorney],

that they sought representation in resolving their disputes with their largest creditor, and that they had been unsuccessful in restructuring the debt.").

13. The first test under §329 is whether a fee payment was made "in contemplation" of a bankruptcy case. This is a subjective test, "based upon the state of mind of the debtor, 'i.e., whether, in making the transfer the debtor [was] influenced by the possibility or imminence of a bankruptcy proceeding.'" *In re Mayeux*, supra at 622. Courts have long held that this test may be satisfied by payment to an attorney in an attempt to avoid bankruptcy. "[N]egotations to prevent bankruptcy may demonstrate that the thought of bankruptcy was the impelling cause of the payment. 'A man is usually very much in contemplation of a result which he employs counsel to avoid.'" *Conrad et al. vs. Pender*, 289 U.S. 472, 479 (1933) (affirming the bankruptcy referee's right to direct turnover of fees paid to debtor's attorney to attempt a settlement negotiation intended to avoid the need for bankruptcy).

14. The second test under §329 is whether the payment was made "in connection with" a bankruptcy filing. This is an objective test to determine whether the services rendered by, or requested of, the attorney impact the bankruptcy case. This includes services related to the precipitating cause of the bankruptcy. *In re Mayeux*, supra at 623 (granting the United States Trustee's motion to examine fees paid to the debtor's attorney, including those paid to attempt pre-petition settlement negotiations of a lawsuit filed against the debtor). Thus, legal fees paid to an attorney for the contemplation of debt settlement activities in connection with a bankruptcy case falls within the purview of § 329(b). *See In re Brown*, 2011 Bankr. LEXIS 433, 25-26 (Bankr. W.D. Mo. Feb 7, 2011) (Court rejected argument that fees received for debt settlement services are outside of the purview of necessary disclosure under 11 U.S.C. §329 and Fed. R. Bank. P. 2016). As the court in *Brown* found, even if the debt settlement fees were not for

services rendered "in contemplation" of a bankruptcy case, the debt settlement fees were unquestionably paid in connection with Brown's bankruptcy case. The court also expressed serious concerns that a client's bankruptcy may indeed be contemplated from the very inception of a debt settlement relationship.

15. Here, Debtor's payment to Legal Alliance satisfies both of the tests. The payments were made "in contemplation of" the bankruptcy. The Debtor's purpose for engaging the Firm was to avoid bankruptcy and at the same time, save her home and that of her non-filing spouse. The payments were also made "in connection with" the bankruptcy case, specifically, the mortgage owed to Beneficial. A mortgage modification would have had a direct impact upon the bankruptcy case. If the mortgage modification had been successful, it is possible that Debtor could have avoided bankruptcy altogether.

16. Further, Legal Alliance failed at assisting the Debtor and may have misrepresented the chances for a successful mortgage loan workout from the beginning. Ultimately, the Debtor gained nothing of value in exchange for the $8,750 she paid to Legal Alliance.

17. In matters involving challenges to attorney fees under 11 U.S.C. §329, the burden of proof rests with the attorney to establish that his fees are reasonable. See *In re Geraci*, 138 F.3d 314, 318 (7th Cir. 1998). In examining compensation,[1] the Court may evaluate whether a debtor received the quality of services for which he bargained: "clients come to attorneys for a service. Where the service is not provided, or provided poorly, they should not be required to pay

---

1   What constitutes a "reasonable" fee or fee agreement is a question of fact to be determined by the particular factual circumstances of each case. *See, In re Diamond Mortgage Corp. of Illinois,* 135 B.R. 78 (Bankr. N.D. Ill. 1990).

for the service, regardless of the validity of the excuses offered." *In re LaFrance*, 311 B.R. 1, 25 (Bankr. D. Mass. 2004).

18. In this case, the Debtor paid Legal Alliance $6,250.00 within the year preceding the bankruptcy filing, all of which was retained by Legal Alliance presumably for various legal fees.

19. Section 329(b)'s examination is considered under a "reasonableness" standard. Payments or agreements considered pursuant to §329(b) are valid only to the extent they are deemed "reasonable" by the court.

20. What constitutes a "reasonable" fee or fee agreement is a question of fact to be determined by the particular factual circumstances of each case. *See Diamond Mortgage Corp. of Illinois*, 135 B.R. 78 (Bankr. N.D. Ill. 1990).

21. The professional seeking compensation has the burden of proof on all issues including that the requested fees are reasonable. *Computer Learning Centers, Inc.*, 285 B.R. 191 (Bankr. E.D. Va. 2002). In the Fifth Circuit, the court may consider the twelve *Johnson* factors to determine reasonable attorney fees. *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir.*), cert. denied*, 431 U.S. 904 (1977)(applying *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) to a pre-Code bankruptcy case).

22. Based on the facts herein, payment of $6,250 for a "debt dispute" is excessive and unreasonable.

WHEREFORE, the above-premises considered, the United States Trustee requests pursuant to 11 U.S.C. §329(b) that all or part of the $6,250 fee paid by Debtor to Legal Alliance be ordered returned to the debtor, that the related fee agreement be cancelled by the Court and for such other and further relief as may be just.

Dated: 21 January 2016                    Respectfully submitted,

                                                          JUDY A. ROBBINS
                                                          United States Trustee
                                                          Region Four


                                                          By: */s/ Margaret K. Garber*
                                                          Margaret K. Garber

Margaret K. Garber
Assistant United States Trustee
United States Department of Justice
Office of the United States Trustee
210 First Street, Suite 505
Roanoke, Virginia 24011
Margaret.k.garber@usdoj.gov
(540) 857-2806

<u>Certificate of Service</u>

    I hereby certify that a true and correct copy of the foregoing was mailed on January 21, 2016 as follows:

    LEGAL ALLIANCE PLLC,
Serve:
Douglas E. Wade, Registered Agent
380 Maple Avenue West, Suite 102
Vienna, VA 22180

Serve:
President, Legal Alliance, PLLC
8000 Towers Crescent Drive, Suite 1350
Vienna, VA 22182

Serve:
President, Legal Alliance, PLLC
380 Maple Avenue, Suite 102
Vienna, VA 22182

                                                              <u>/s/ Margaret K. Garber</u>