IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

In re:
JOYCE MAYS BOGGS,                                    Chapter 7
    Debtor.                                              Case No. 15-61193

………………………………………………………………………………………

JUDY A. ROBBINS,
UNITED STATES UNITED STATES
TRUSTEE FOR REGION FOUR,

                              Movant

v.                                                    Motion No. ____

LEGAL ALLIANCE PLLC,

                              Respondent

MOTION TO RECONSIDER ORDER
REQUIRING APPEARANCE OF PARTIES

NOW COMES Legal Alliance, PLLC, ( "Legal Alliance"), by counsel, and hereby moves the court to reconsider a portion of its order entered in this case on March 9, 2016, and remove the hearing currently set to be heard in this case on May 5, 2016 at 10:00 a.m., or at such time to which it may have been or be continued, from its docket.

In support of this Motion, PLLC submits the following:

1

**BACKGROUND**

1. On June 25, 2015 (the "Petition Date"), the debtor commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.

2. Prior to the Petition Date, Legal Alliance and the debtor entered into a series of agreements, pursuant to which the debtor and/or her husband paid Legal Alliance certain sums of money in exchange for Legal Alliance's services.

3. On January 21, 2016, the U. S. Trustee filed a motion pursuant to Bankruptcy Code § 329, requesting that the Court find that the fee agreement between the debtor and Legal Alliance be cancelled, and that all or part of the funds paid by the debtor to Legal Alliance be returned by Legal Alliance to the debtor.

4. Bankruptcy Code § 329 provides that:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive . . . .

5. A hearing on the U. S. Trustee's motion was scheduled to be heard on March 3, 2016, however prior to the hearing, the U. S. Trustee and Legal Alliance reached an agreement to resolve the matter by having Legal Alliance agree to return to the debtor all of the funds paid by her to it within the year prior to her filing this bankruptcy

case, with no further hearing to be held. This was essentially all the relief afforded by Bankruptcy Code § 329.

6. Legal Alliance did not otherwise appear in this matter, believing, after discussions with counsel for the U. S. Trustee that counsel for the U. S. Trustee would announce the settlement and present an agreed order[1].

7. At the hearing on March 3, 2016, counsel for the U. S. Trustee appeared by telephone and advised the Court of the settlement agreement between the parties, and then several days later submitted an order reflecting that agreement.

8. Prior to the receipt of the U. S. Trustee's order, on information and belief, the Court entered its own order on March 9, 2016, *sua sponte,* and without the receipt of any evidence at the hearing other than representations from counsel for the U. S. Trustee, and not only ordered that Legal Alliance pay the full amount that it had agreed to pay to resolve the matter in settlement, but also ordered that both a representative of Legal Alliance and the debtor's attorney, Darren Delafield, appear at an additional hearing in Lynchburg, Virginia on May 5, 2016, at 10:00 a.m.

9. The Court's March 9 order states that the purpose for Legal Alliance to appear at the next hearing is to explain to the Court (1) what steps it has taken to comply with the Court's January 20, 2015 Order in *In re Pugh*, No. 14-60810, ECF Doc. No 52, and (2) why the disgorgement of $6,250 and Legal Alliance's agreement to refrain from suggesting or otherwise counseling clients to file bankruptcy as part of or in connection with its services are sufficient to resolve the motion filed in this case. The purpose for the

---

[1] Legal Alliance does not intend to suggest that the Court must accept all agreements by parties in contested matters, but rather seeks only to explain its decision not to appear at the March 3, 2016 hearing.

debtor's attorney to appear is to explain to the Court what relationship, if any, he has with Legal Alliance.

10. Attached hereto as <u>Exhibit 1</u> is the affidavit of Douglas E. Wade, President of Legal Alliance, which explains the steps Legal Alliance has taken to comply with the order in the *Pugh* case referred to above, and also addresses the lack of any relationship at all between Legal Alliance and Darren Delafield, except for the referral of the debtor to Mr. Delafield, by Legal Alliance, to consult with him about whether she should file a bankruptcy case.

11. Attached hereto as <u>Exhibit 2</u> is the affidavit of Darren T. Delafield, counsel for the debtor, which confirms the lack of any relationship at all between Legal Alliance and Darren Delafield, except for the referral of the debtor to Mr. Delafield, by Legal Alliance, to consult with him about whether she should file a bankruptcy case.

12. Moreover, the agreement to disgorge the $6,250.00 paid to Legal Alliance by the debtor in the year before she filed this case is *all* the relief to which the movant was entitled pursuant to its motion. The promise by Legal Alliance to refrain from suggesting or otherwise counseling its clients to file bankruptcy as a part of or in connection with their services is actually more relief than is provided by Code § 329.

13. The offices of Legal Alliance are located in northern Virginia, and an appearance in court in Lynchburg would entail many hours of driving, in both directions, essentially resulting in the loss of a full business day for its President. Part of the consideration for Legal Alliance to agree with the United States Trustee to settle this matter was avoiding that drive, and the attendant loss of a day's productivity of the head of the firm.

14. The offices of the debtor's attorney are in Roanoke, Virginia, and are at least an hour away from the court in Lynchburg.

15. Legal Alliance urges the Court to consider that the payment of the $6,250.00, together with the presentation of the affidavit by Legal Alliance explaining the steps it has taken to comply with its agreement not to counsel its clients to file bankruptcy, but rather suggest that their clients consult with a bankruptcy attorney if they believe such advice is warranted, together with the affidavit of Darren Delafield (which Legal Alliance believes is forthcoming), truly is sufficient to answer the Court's questions about the resolution of the U. S. Trustee's motion and that there is no relationship between Mr. Delafield and Legal Alliance, for referrals of bankruptcy cases or otherwise.

16. Legal Alliance also urges to the Court to consider that the U. S. Trustee's concerns also appear to be met, as she submitted her own consent order stating her agreement to its terms, without the need for either Legal Alliance's president or the debtor's attorney to provide additional explanations.

17. Legal Alliance senses that the Court is concerned that it has perhaps ignored the Court's order in the *Pugh* case, and believes that such concern comes from certain allegations in the U. S. Trustee's motion. Legal Alliance believes that these concerns are also addressed in its affidavit, but in addition wishes to point out that the quoted language from the email to the debtor from Phil Burgess is fully consistent with the fact that the debtor's lender had indicated it would no longer negotiate, a bankruptcy most likely would in fact be the best course for the debtor, and Legal Alliance's staff was taking steps to help the debtor get connected with Mr. Delafield, a bankruptcy attorney, to

5

have a consultation; more to the point, that email truly appears to be completely in line with the spirit of the order in the *Pugh* case.

18. Moreover, to the extent that there may be any concern about the prior, handwritten petition filed by the debtor in her 2014 case, Case No. 14-61555, and whether Legal Alliance may have advised her to file that bankruptcy petition (which it denies is the case) in violation of the order in *Pugh,* Legal Alliance must point out that the petition in Case No. 14-61555 was filed five months *before* the *Pugh* order.

19. Finally, and with the utmost respect for the Court and for its authority to order the appearance of parties in certain cases, Legal Alliance respectfully suggests to the Court that to order it to appear in Lynchburg, Virginia, pursuant to an order entered in relation to a contested matter filed in this case, to respond to concerns the Court has about an order entered in a separate case, and when it, as the respondent in this contested matter, has already agreed to provide all of the relief allowed by the section of the Bankruptcy Code under which relief has been requested, is an unusually broad use of the Court's powers.

WHEREFORE, Legal Alliance respectfully requests that this Court remove the hearing initially set to be heard in this case on May 5, 2016 at 10:00 a.m. from its docket, and relieve both Legal Alliance and Darren Delafield from any further appearances in this contested matter.

                                              Respectfully submitted,

                                              Legal Alliance, PLLC

Date: __April 29, 2016__                  By__/s/ Paul J. Feinman__

VSB #29669
PETTY, LIVINGSTON, DAWSON & RICHARDS
P. O. Box 1080
Lynchburg, VA 24505
Telephone: 434/846-2768
Facsimile: 434/847-8195
Email: pfeinman@pldrlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29$^h$ day of April, 2016, he has filed this Motion using this court's CM/ECF filing system which will serve a copy thereof on counsel for the debtor, and counsel for the United States Trustee, by electronic mail.

    /s/ Paul J. Feinman